IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 29 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00684-ZLW

WILLIE McCRAY,
    Plaintiff,

v.

[NO DEFENDANT NAMED],
    Defendant.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Willie McCray has filed *pro se* on October 16, 2007, a document titled "Notice" in which he asks the Court to reopen this action. The Court must construe the request liberally because Mr. McCray is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the request will be construed liberally as a motion to reconsider. For the reasons stated below, the liberally construed motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. McCray's motion to reconsider in this action, which was filed more than ten days after the Judgment was entered on September 12, 2007, will be considered pursuant to

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice because Mr. McCray failed to cure the deficiencies. The specified deficiencies were Mr. McCray's failure to file a complaint and his failure either to pay the filing fee or to file a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Mr. McCray argues that the Court should reopen this action because he did not have access to his personal property and he was not given the full thirty-day extension of time to cure the deficiencies that was granted to him on July 31, 2007. The thirty-day extension to which Mr. McCray refers was granted in an order entered by Magistrate Judge Boyd N. Boland on July 31, 2007. In that same order, Magistrate Judge Boland addressed Mr. McCray's lack of access to his personal property. Magistrate Judge Boland directed Mr. McCray to rewrite his complaint if he did not have access to his personal property and blank complaint forms again were provided to Mr. McCray. Furthermore, because the Court's order dismissing this action was not entered until September 12, 2007, Mr. McCray was allowed the full thirty-day extension that was granted on July 31, 2007.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. McCray fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. Mr. McCray is reminded that, because the instant action was dismissed without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the request to reopen this action, which Plaintiff makes in a document titled "Notice" filed on October 16, 2007, and which the Court has construed as a motion to reconsider, is denied.

DATED at Denver, Colorado, this 29 day of Oct., 2007.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00684-BNB

Willie J. McCray
Reg. No. 24599-018
USP- Big Sandy
PO Box 2068
Inez, KY 41224

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/29/07

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk